UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUNWEST REAL ESTATE GROUP, § | | |
| § | | |
| Plaintiff § | | |
| § | | |
| VS. § | Civil Action No.: 3:16-CV-2560 | |
| § | | |
| THE CINCINNATI INSURANCE COMPANY § | | |
| and ERICK D. HILL, § | | |
| § | | |
| Defendants § | | |

## NOTICE OF REMOVAL BY DEFENDANT
## CINCINNATI INSURANCE COMPANY

Defendant, Cincinnati Insurance Company ("Cincinnati") desires to exercise its right under the provisions of Title 28 U.S.C. § 1441, *et seq.*, to remove this action from the 44th Judicial District Court of Dallas County, Texas, in which said cause is now pending under Cause No. DC-16-09292; *Sunwest Real Estate Group v. The Cincinnati Insurance Company and Erick D. Hill.* In support of its request to remove this action, Cincinnati states as follows:

1.   This action is removable because (i) there is complete diversity of citizenship between the plaintiff and the parties properly joined as defendants, and (ii) the damages alleged are in excess of $75,000.00. Accordingly, this matter is within the original jurisdiction conferred on this Court pursuant to 28 U.S.C. § 1332.

2.   On August 2, 2016, Plaintiff filed an action styled Cause No. DC-16-09292; *Sunwest Real Estate Group v. The Cincinnati Insurance Company and Erick D. Hill* in the 44th Judicial District Court of Dallas County, Texas.

3. The Petition was received by Erick Hill on August 8, 2016, and received by Cincinnati on August 11, 2016. This Notice of Removal is filed timely under 28 U.S.C. § 1446(b).

4. The Petition names two defendants. The first named defendant is the Cincinnati Insurance Company. Cincinnati is formed under the laws of the State of Ohio and has its principal place of business in Fairfield, Ohio. Thus, pursuant to 28 U.S.C. § 1332(c)(1), Cincinnati is a citizen of Ohio.

5. The second named defendant is the individual Erick Hill. Mr. Hill is a resident of Texas, residing in the Dallas area. Mr. Hill has been fraudulently joined as a defendant. *Smallwood v. Ill. Cent. R.R.,* 385 F.3d 568, 573 (5th Cir. 2004). The plaintiff is unable to establish a cause of action against Mr. Hill under the facts pled in this case.[1] He has been joined solely for the purpose of defeating the diversity jurisdiction of this Court.

6. The plaintiff is Sunwest Real Estate Group. Plaintiff alleges that it is a "domestic commercial real estate firm whose corporate headquarters is located in Dallas, Texas." Sunwest Real Estate Group is not registered with the State of Texas. Exhibit 1. Therefore, Cincinnati relies upon Plaintiff's indication that it is a Texas entity as there is no indication that Plaintiff is a resident of any jurisdiction other than Texas.

---

[1] A plaintiff must do more than simply allege legal conclusions and recite elements of causes of action. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555, 578 n.3 (2007). Allegations that are merely consistent with unlawful conduct are insufficient, the facts pleaded must suggest liability. *Id.* at 566-69. Examples of cases in which the courts ruled that the improper joinder of an insurance adjuster or other representative or employee of an insurance company was improper (fraudulent) are: *Griggs v. State Farm Lloyds,* 181 F.3D 694 (5th Cir. 1999); *Caravan Inn, LLC v. Acceptance Indemnity Insurance Co.,* 4:15-CV-944-A, (N.D. Tex. Jan 28, 2016); *Fernandez v. Allstate fire and Casualty Ins. Co.,* No. 3:15-CV-2689, 2015 WL 6736675 at *4 (N.D. Tex. Nov. 4, 2015); *Okenkpu v. Allstate Tex. Lloyds,* No. H-11-2376, 2012 WL 1038679 (S.D. Tex. Mar. 27, 2012). Here, the factual allegations are insufficient to support a cause of action in addition to the fact that many of Plaintiff's allegations impose duties upon Mr. Hill which do not exist (i.e. the requirement to pay pursuant to the contract), or are not separate and apart from the denial of the claim by Cincinnati.

7.    Generally, the amount in controversy in a given action is determined from the Complaint itself, unless it appears that the amount stated in the Complaint is not claimed in good faith. *See Horton v. Liberty Mutual Insurance Co.,* 367 U.S. 348, 353 (1961). When the complaint does not include the amount of damages sought, a defendant may prove the amount exceeds $75,000 in one of several ways: (i) by showing that it is facially apparent from the Petition that the claims are more than $75,000, or (ii) by setting out facts supporting a finding that the amount in controversy has been met. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). It is the sufficiency of jurisdictional facts supporting removal *at the time the case is removed* that are key to the analysis. *Gebbia v. WalMart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

8.    In this case, Plaintiff specifically alleges in its state court petition that the "Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court." Further, during the initial claim adjustment, Plaintiff presented Cincinnati with an estimate for repairs to the property in the amount of $883,936.68. The combination of these two facts makes it apparent that all of Plaintiff's claims are more than $75,000. As such, federal diversity jurisdiction exists. Defendant is entitled to remove this case pursuant to 28 U.S.C. §§ 1332 and 1441.

9.    This action should be removed to this Court pursuant to 28 U.S.C. § 1441 inasmuch as there is complete diversity of citizenship between the plaintiff and the parties properly joined as defendants, and the judgment value of damages sought by plaintiff is in excess of the jurisdictional limit.

10.    Pursuant to LR 81.1 of the Northern District of Texas, Defendant is filing with this Notice of Removal the following:

  (1)  A completed civil cover sheet and supplemental civil cover sheet;

  (2)  An index of all documents that clearly identifies each document and indicates the date the document was filed in state court;

  (3)  A copy of the docket sheet in the state court action;

  (4)  Each document filed in the state court action, tabbed and arranged in chronological order;

  (5)  A separately signed certificate of interested persons.

11. Defendant has given or is in the process of giving notice of the filing of this Notice of Removal to the State Court and to the Plaintiff.

12. Defendant respectfully requests that this Court take jurisdiction in this civil action to its conclusion to the exclusion of any further proceedings in the State Court in accordance with federal law.

  WHEREFORE, CINCINNATI INSURANCE COMPANY respectfully requests that this Court remove this action from the 44th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

        Respectfully submitted,

        /s/ *William J. Eggleston*
        William J. Eggleston III Attorney-in-Charge
        State Bar No. 06483500
        Federal Bar No. 1989
        **EGGLESTON & BRISCOE, LLP**
        333 Clay Street, Suite 4800
        Houston, Texas 77002
        713/659-5100 - Telephone
        713/951-9920 - Facsimile
        rlg2@egglestonbriscoe.com

        ATTORNEY-IN-CHARGE FOR CINCINNATI INSURANCE COMPANY

OF COUNSEL:

David K. Loveless
State Bar No. 24060192
Federal Bar No. 1411854
dkl@egglestonbriscoe.com
EGGLESTON & BRISCOE, LLP
333 Clay Street, Suite 4800
Houston, Texas 77002
713.659.5100 – Telephone
713.951.9920 – Facsimile

## **CERTIFICATE OF SERVICE**

  I certify that a true and correct copy of this Notice of Removal was served on the following counsel by certified mail, return receipt requested on the 7th day of September 2016, as follows:

  Orlando R. Lopez
  Lopez Scott, LLC
  3707 N. St. Mary's Street, Suite 200
  San Antonio, Texas 78212
  (210) 472-2101
  olopez@lopezscott.com

        /s/ *William J. Eggleston*
        William J. Eggleston