IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SUNWEST REAL ESTATE GROUP, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| THE CINCINNATI INSURANCE COMPANY, et al., | ) ) ) ) |
| Defendants. | ) Civil Action No. 3:16-CV-2560-C |

## **ORDER**

On this day, the Court considered:

(1) Plaintiff Sunwest Real Estate Group's (Sunwest) Motion to Remand, filed February 24, 2017; and

(2) Defendant Cincinnati Insurance Company's (Cincinnati) Response, filed March 16, 2017.

Having considered the foregoing, the Court is of the opinion that Plaintiff's motion should be **GRANTED**.

## I. BACKGROUND

Plaintiff Sunwest is the owner of several commercial properties insured by Defendant Cincinnati. On or about March 9, 2013, Sunwest's properties allegedly suffered extensive windstorm and hail damage. Sunwest filed an insurance claim, and Defendant Eric D. Hill, a Cincinnati adjuster, was assigned to work with the claim. Cincinnati ultimately denied coverage for the damage, and Sunwest (a Texas citizen) brought suit in Dallas County, Texas, alleging that both Cincinnati (an Ohio citizen) and Hill (a Texas citizen) are liable to Sunwest under various

causes of action. Cincinnati removed to this Court on the basis of diversity jurisdiction on September 7, 2016, urging that Hill was improperly joined and his Texas citizenship should thus be ignored. On February 24, 2017, Sunwest filed its Motion to Remand challenging, for the first time, the allegations of improper joinder and seeking remand to state court.

## II. STANDARD

The party seeking to remove a case to federal court bears the burden of showing that federal jurisdiction exists and that removal was proper. *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). Any doubts should be strictly construed in favor of remand. *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

Where charges of improper joinder are used to establish diversity jurisdiction, the removing party has the heavy burden of proving the improper joinder. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). This can be established in one of two ways: (1) actual fraud in the pleading of jurisdictional facts or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Mumfrey*, 719 F.3d at 401. To prove an allegation of improper joinder, the defendant must demonstrate that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against a non-diverse defendant. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The existence of even a single valid cause of action against an in-state defendant requires remand. *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004). All disputed questions of fact and all ambiguities in the controlling state law must be resolved in favor of the plaintiff. *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).

The Court need not decide whether the plaintiff will actually, or even probably, prevail on the merits but must look only for a possibility that the plaintiff *may* do so. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005). If there is any possibility that a plaintiff may prevail against the non-diverse defendant in state court, then a good faith assertion of such an expectancy is not a sham and is not fraudulent in fact or in law. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. Unit A 1981) (internal quotations and citations omitted).

### III. DISCUSSION

#### A. Timeliness of the Motion to Remand

As a threshold matter, Cincinnati argues that Sunwest's motion should be denied as untimely because it was not filed within 30 days of the filing of Cincinnati's notice of removal. 28 U.S.C. § 1447(c). Cincinnati cites *In re Shell Oil Company* for the proposition that a motion to remand based on the forum-defendant rule is non-jurisdictional and a plaintiff's right to challenge removal is therefore waived if the motion is not filed within 30 days. 932 F.2d 1518, 1523 (5th Cir. 1991). But while that proposition of law is correct, it is inapplicable in this case; Cincinnati has confused the forum-defendant rule in the context of removal procedure with the requirements of federal diversity jurisdiction.

In *Shell Oil*, Costa Rican nationals sued a number of different defendants in state court in Houston, Texas, including two Texas citizens. *Id.* at 1518. The Defendants removed to the United States District Court for the Southern District of Texas, asserting that the Texas defendants were improperly joined to circumvent removal under § 1441 (not to defeat diversity jurisdiction). *Id.*; 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the

3

parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought.").[1] The Costa Rican plaintiffs later filed an untimely motion to remand, and the defendants argued that the relief of remand was waived because the motion was filed more than 30 days after their notice of removal. *Shell Oil*, 932 F.2d at 1518. After the district court granted the plaintiffs' motion for remand, defendants petitioned for a writ of mandamus to reverse the district court's decision; the United States Court of Appeals for the Fifth Circuit granted the petition, holding that the forum-defendant rule was a procedural rule subject to § 1447(c)'s 30-day time limit and that the plaintiffs had therefore waived their right to challenge the removal by failing to file a timely motion to remand. *Id.* at 1523. Importantly, however, the plaintiffs' motion to remand in *Shell Oil* did not involve a challenge to the court's subject-matter jurisdiction. As the Fifth Circuit explained, "[a]lthough the defendants were citizens of the forum state, the district court still had subject matter jurisdiction because complete diversity existed" (i.e., because none of the plaintiffs was a citizen of Texas). *Id.* at 1519.

In this case, Plaintiff Sunwest and Defendant Hill are both citizens of Texas, so complete diversity of citizenship (and therefore federal subject-matter jurisdiction) would not exist if Defendant Hill was properly joined as a party to the litigation. *E.g., Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) ("Subject matter jurisdiction over a state claim in federal court under 28 U.S.C. § 1332(a) exists when the amount in controversy is satisfied and there is complete diversity of citizenship between the parties."). It is clear that § 1447(c) explicitly carves out an exception to the 30-day waiver rule for motions to remand challenging a federal court's subject-matter jurisdiction. 28 U.S.C. § 1447(c) ("A motion to remand the case

---

[1] This provision is commonly known as the forum-defendant rule.

on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days . . . .") (emphasis added). Because Sunwest's motion to remand challenges the jurisdiction of this Court (contesting Defendants' argument that Hill was improperly joined and asserting that complete diversity of citizenship does not exist), the Court is of the opinion that neither § 1447(c) nor the Fifth Circuit's holding in *Shell Oil* precludes consideration of the motion.

## B. Motion to Remand and Improper Joinder

Having concluded that the motion to remand is not untimely, the Court turns to the merits of that motion. The law is now settled in the Fifth Circuit that federal courts evaluating a motion to remand for improper joinder must apply the *federal* 12(b)(6) plausibility standard—rather than the state pleading standard—to determine whether the plaintiff has pleaded a valid claim for relief against the non-diverse defendant. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp.*, 818 F.3d 193, 202 (5th Cir. 2016). Accordingly, the Court considers whether Texas law provides for any valid cause of action against Defendant Hill and conducts a 12(b)(6)-style review of Plaintiff's Original Petition to determine whether those claims asserted against Hill meet the *Twombly/Iqbal* plausibility standard. *Id.*

Sunwest's specific[2] allegations against Hill in its Original Petition are as follows:

> ¶ 15. [ ] HILL's unreasonable investigation of the claim included a failure to comply with CINCINNATI's policies and procedures concerning roof inspections and when to replace or repair a roof. [ ].
>
> ¶ 16. HILL performed an unreasonable investigation by failing to document any damage to the Properties. HILL did not inspect the

---

[2]The Court disregards pleadings that are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5

> Properties and fail [sic] to investigate Plaintiff's claim. Plaintiff submitted an estimate outlining the damage to the Properties. Although HILL received the estimate which outlined the damage to the Properties, HILL did not inspect the damage.
>
> ¶ 17. In the denial letter dated June 23, 2015, HILL wrongly denied coverage for the damage to the Properties. Although HILL fail (sic) to inspect the Properties, HILL denied coverage for the damage. HILL stated that the hail was not large enough to cause the damage to the Properties although HILL did not investigate or inspect the Properties.
>
> ¶ 18. HILL misrepresented to Plaintiff that the damage to the Properties did not warrant coverage. HILL performed an outcome-oriented investigation by failing to look for evidence that supported coverage for Plaintiff's claim. From the outset of the claim, HILL's goal was to exclude coverage instead of reasonably investigating Plaintiff's claim and provide [sic] coverage for the damage suffered to the Properties. In the denial letter dated June 23, 2015, HILL blamed Plaintiff's actions for the unreasonable inspection and investigation performed by HILL. Although HILL failed to reasonable [sic] investigate Plaintiff's claim, HILL unreasonably concluded that Plaintiff did not provide prompt notice which impeded HILL from properly investigating the claim.
>
> ¶ 19. HILL did not conduct a reasonable investigation of Plaintiff's claim. As a result, Plaintiff's claim was denied although the policy provided coverage for the damage suffered to the Properties. HILL conducted an insufficient investigation and prematurely closed Plaintiff's claim. HILL failed to properly adjust the claim and has denied at least a portion of the claim without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff. [ ].

Pl.'s Orig. Pet. 3–5. In other words, Sunwest's individual claims against Hill are based on allegations that Hill failed to conduct a proper investigation, failed to comply with Cincinnati's own policies for investigating and administering a claim, and made material misrepresentations to Sunwest concerning the coverage provided by Sunwest's insurance policy. The Supreme Court of Texas has held that such conduct by an insurance company's employee may give rise to

individual liability under Chapter 541 of the Texas Insurance Code because the employee is engaging in the business of insurance and is therefore a "person" under the language of the statute. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998); Tex. Ins. Code §§ 541.002–541.003. Accordingly, the United States Court of Appeals for the Fifth Circuit has recognized that an insurance company's employee is not improperly joined when that employee engages in the business of insurance and is subsequently sued in their personal capacity under Chapter 541. *See Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007).

The Court is of the opinion that this petition is sufficiently well-pleaded to demonstrate facially plausible claims against Hill for violation of the Texas Insurance Code and is further of the opinion that those claims are valid causes of action under Texas law. Whether Sunwest will ultimately be able to actually recover from Hill is an immaterial question; this Court is concerned only with whether the pleadings, when viewed in the light most favorable to Sunwest, state a valid claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. This pleading is plausible and compels the Court to conclude that Sunwest *may* recover on its Insurance Code claims against Hill. *See Guillory*, 434 F.3d at 309. Accordingly, Hill has not been improperly joined and, given Hill's Texas citizenship, federal diversity jurisdiction does not exist. The case must be remanded.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED** and the above-styled and -numbered civil action is **REMANDED** to the 44th Judicial District Court of Dallas

County, Texas, pursuant to 28 U.S.C. § 1447(c). The Clerk of this Court shall mail a certified copy of this order to the District Clerk of Dallas County, Texas.

SO ORDERED this 24th day of March, 2017.

_____
SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE